UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUKWUEMEKA NDULUE, | No.  2:14-cv-00735-KJM-EFB |
| Plaintiff, | ORDER |
| v. | |
| FREMONT-RIDEOUT HEALTH GROUP, | |
| Defendant. | |

       The parties recently filed a stipulation and request to continue all dates in this case. ECF No. 23. A scheduling order may only be changed with the court's consent and for good cause. Fed. R. Civ. P. 16(b)(4). When litigants request changes to a scheduling order, the court's inquiry focuses on their diligent efforts to comply. *See, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). On occasion, courts in this district have looked to a more detailed three-part test: a movant may establish good cause by showing (1) it diligently assisted with creation of the Rule 16 order, (2) circumstances beyond its control and anticipation prevented compliance with the order, and (3) after it became apparent a new schedule was needed, the party promptly sought relief. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).

1

The parties' request does not meet this standard. They explain that they plan to depose more than forty witnesses and anticipate discovery motions. Their request does not explain why they believe this number of depositions is necessary and does not outline their anticipated discovery disputes. They do not explain why the need for more depositions and more time was discovered only recently. Their request to modify the scheduling order is **denied**, but may be renewed if accompanied by a much clearer showing of good cause.

IT IS SO ORDERED.

DATED: August 16, 2016

_____
UNITED STATES DISTRICT JUDGE