UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUKWUEMEKA NDULUE, M.D., | No. 2:14-cv-00735-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| THE FREMONT-RIDEOUT HEALTH GROUP, | |
| Defendant. | |

      The doctor plaintiff, Chukwuemeka Ndulue, M.D., is suing defendant Fremont-Rideout Health Group for retaliation and interference with business, economic, and contractual relationships. Compl. ¶ 1, ECF No. 1. The hospital moves for terminating sanctions against plaintiff, based on his alleged threats of violence towards defense counsel. Mot., ECF No. 35. Plaintiff opposes. Opp'n, ECF No. 46. Defendant replied. Reply, ECF No. 47. The court submitted the matter without hearing on January 24, 2017. Min. Order, ECF No. 49. As discussed below, the court DENIES defendant's request.

/////

/////

/////

/////

1

I. BACKGROUND

A. Judicial Notice

Defendant requests the court take judicial notice of court documents and depositions from a prior case that defendant says shows a pattern of plaintiff's allegedly threatening conduct. Req. for Jud. Notice ("RJN"), ECF No. 36; Young Decl., ECF No. 37.

Courts may judicially notice "a fact that is not subject to reasonable dispute, because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). Courts also may judicially notice the existence of public matters in a judicial proceeding that "direct[ly] relat[e] to the matters at issue," but not the veracity of the arguments or any disputed facts within that proceeding. *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004) (quoting *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)). A court also may not judicially notice the content of correspondence between parties, *Provencio v. Vazquez*, 258 F.R.D. 626, 638 n.4 (E.D. Cal. 2009), or a party's interpretation of a public record, *S. Cal. Edison Co.*, 300 F. Supp. 2d at 974.

Here, the court denies defendant's request for judicial notice of Exhibits C through G, which comprise deposition testimony. *See* Exs. C, D, E, F, G, ECF No. 37. Depositions are not judicially noticeable under Rule 201(b), *Provencio*, 258 F.R.D. at 638, especially where, as here, the parties vehemently dispute the implications of their content, Madu Decl. ¶ 6, ECF No. 46-1. The court does not reach defendant's request to judicially notice Exhibits B (a complaint), H (prior order) and I (trial minutes), as their relevance is neither apparent nor explained. *See* RJN; Exs. B, H, I, Young Decl. ¶¶ 3, 9, 10. Accordingly, the record on the current motion includes the declarations of defense counsel Mr. Preston Young, plaintiff's counsel Mr. Anthony Madu, and plaintiff. *See generally* Young Decl., ECF No. 37; Madu Decl.; Pl.'s Decl., ECF No. 46-6.

/////

/////

B. <u>Factual Allegations</u>

Defendant alleges that during a December 12, 2016 deposition of plaintiff's Certified Public Accountant Julie Shea, plaintiff threatened defense counsel, Mr. Young. Young Decl. ¶¶ 16–22. Young contends that after he refused plaintiff's request to speak outside, plaintiff approached "in an aggressive manner" within inches of Young's face and threatened, "If you continue interfering with my practice and interfering with my patients and interfering with the hospital and interfering with my lawyers I am going to make you pay. You are going to pay for this." *Id.* ¶¶ 17–19. Young contends plaintiff then said, "I have had enough of this interference. I will get you, I promise that. You won't like what happens." *Id.* ¶ 20. Young views this threat as an intimidation tactic, *id*. ¶ 30, but plaintiff calls it a "brief chat" in which he asked Young and the Hospital to "stop interfering with [his] lawyers" or he would "report them to the authorities," Pl.'s Decl. ¶ 5. Young claims he suspended discovery after this threat because of safety concerns. Mot. at 1; Young Decl. ¶ 27.

II. SANCTIONS

Defendant argues plaintiff's alleged threat was a bad faith abuse of the litigation process and asks the court to exercise its inherent sanctioning power to dismiss the suit, with prejudice. Mot. at 13, 18.

A district court has the inherent power to discipline parties inside and outside the courtroom if their conduct disrupts the orderly and efficient manner of court proceedings. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991). This inherent power, which "ought to be exercised with great caution[,]" permits courts to fashion appropriate sanctions for abuses of the judicial process. *Id.* at 44–45 (internal citation and quotation marks omitted). Before imposing sanctions under its inherent authority, a court must make explicit findings of bad faith or willful misconduct. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59, (1975). Bad faith exists where there is "reckless misconduct combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001)

/////

3

The most extreme sanction available under the court's inherent power is that requested here, outright dismissal. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Dismissal under the court's inherent power is appropriate only when "a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings . . . and engaged in conduct utterly inconsistent with the orderly administration of justice." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (quotation omitted). Before imposing the "harsh sanction of dismissal, courts should consider (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ferdik*, 963 F.2d at 1261 (internal citation and quotation marks omitted). The court need not make explicit findings on each factor, but it must consider less severe alternatives to outright dismissal. *Id.*; *see United States v. Nat'l Med. Enter., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986) (abuse of discretion to dismiss case without first considering less drastic sanctions). Due process concerns also mandate a connection between a party's "misconduct and the matters in controversy such that the transgression 'threatens to interfere with the rightful decision of the case.'" *Anheuser-Busch, Inc. v. Nat. Beverage Distrib.*, 69 F.3d 337, 348 (9th Cir. 1995) (internal citation and quotation marks omitted).

Here, plaintiff's allegedly threatening conduct is insufficient to warrant dismissal. The court declines to make an explicit finding that plaintiff engaged in bad faith conduct based on the current record. The only proof of the alleged threat is Young's potentially self-serving declaration, which plaintiff's declaration directly contradicts. *Compare* Young Decl., *with* Pl.'s Decl. ¶¶ 5–7; *cf. Kalwasinski v. Ryan*, No. 96-CV-6475, 2007 WL 2743434, at *3 (W.D.N.Y. Sept. 17, 2007) (finding sufficient proof of violent threats to warrant dismissal where the court had a copy of a plaintiff's letter threatening "to murder the[] defendants and their families."). Although Young contends Julie Shea and the deposition court reporter also witnessed the threat, he avers he avers he did not file declarations from them "due to [his] genuine concern for their safety." Young Decl. ¶ 32.

Even if there were not two sides to the story of what happened at deposition, defendant's requested relief of dismissal does not meet the requirements of the five *Ferdik* factors. The first, second, and third factors—the public's interest in expeditious resolution, impact on the court's docket, and risk of prejudice to defendant—all weigh against dismissal. Plaintiff's conduct has not yet caused an unnecessary delay or waste of the court's resources. Since the alleged threat, defendant has continued to litigate and moved for summary judgment. *See* Def.'s Mot., Jan. 13, 2017, ECF No. 41. Although Young contends plaintiff's threat forced him to freeze discovery out of fear for his safety, Mot. at 18, the nature of plaintiff's words here does not support a litigation freeze or dismissal of suit: The alleged threat is unrecorded, not inherently violent, and comes from a pediatrician with an apparent history of hyperbolic outbursts. Even if vigorously asserted, the statements that "You are going to pay for this" and "I will get you, I promise that. You won't like what happens.", Young Decl. ¶¶ 17–20, do not support the relief defendant seeks. *Cf. Kalwasinski*, 2007 WL 2743434, at *3 (murder threat sufficiently disruptive where it came from prisoner, was unambiguous, and memorialized on paper).

The fourth factor, the public policy favoring dispositions on their merits, always weighs against dismissal, as an early dismissal based on an alleged threat would preclude the parties from finally resolving the merits of their dispute. Finally, and perhaps most importantly, the availability of less drastic and more effective sanctions if supported militates against, if not outright prohibits, dismissal. Defendant could move for a protective order, or for injunctive relief against future threats, and these are examples of less severe sanctions. Defendant's purported goal in raising this motion, to ensure the safety of the parties, can be accomplished by other means. The extreme sanction of dismissal is not warranted.

II. <u>CONCLUSION</u>

The court DENIES defendant's motion for dismissal. The parties and their counsel are cautioned to comply fully with this court's standing order in all respects going forward.

/////

IT IS SO ORDERED.

This order resolves ECF No. 35

DATED: April 12, 2017.

_____
UNITED STATES DISTRICT JUDGE