UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUKWUEMEKA NDULUE, | Case No. 2:14-cv-00735-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| FREMONT-RIDEOUT HEALTH GROUP, | |
| Defendant. | |

After the court granted defendant's motion for summary judgment in full and entered judgment in its favor, plaintiff appealed. ECF Nos. 69−70 (summary judgment order & judgment), 72 (notice of appeal). The Ninth Circuit affirmed this court's order as to all claims except the breach of contract claim, for which it held:

> Ndulue's evidence creates a genuine issue of material fact whether Rideout failed to make reasonable efforts to comply with the settlement agreement, and questions of reasonableness are best left to a jury. Here, the evidence was not so one-sided as to compel a finding that as a matter of law, Rideout had complied with the settlement agreement.

ECF No. 79 at 6. Accordingly, as to plaintiff's claim of breach of the settlement contract, the panel reversed and remanded. *Id.* at 7.

This court then ordered the parties to file a joint status report and set a status conference to determine how this case should proceed on remand. ECF No. 80. In their status report, the parties noted all federal claims had been dismissed, with a "sole remaining cause of

action [] for breach of contract." ECF No. 83 at 2. Because the parties did not take positions on whether the court should retain supplemental jurisdiction to decide the single remaining state law claim, *see id.* at 2−3, the court prompted them to do so, ECF No. 84. The parties' responses and the court decision to decline jurisdiction over the remaining claim are discussed below.

I. LEGAL STANDARD

A district court may decline to exercise supplemental jurisdiction over a state law claim where (1) the claim raises a novel or complex state law issue, (2) "the claim substantially predominates over" the original jurisdiction claims, (3) the court has dismissed all original jurisdiction claims, or (4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). In determining whether it is appropriate to retain jurisdiction, the "justification lies in considerations of judicial economy, convenience and fairness to litigants." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.").

II. DISCUSSION

Here, as explained below, with no federal claims pending before the court and only a single claim sounding purely in state law left to be resolved, the court declines to retain jurisdiction. *See* 18 U.S.C. § 1367(c)(3).

Plaintiff generally supports the court's declining jurisdiction, expressing reservation only as to "the statute of limitations issue that may arise if the state claim were dismissed in federal court and re-filed in state court." ECF No. 86 at 1−2. At hearing, however, plaintiff acknowledged that § 1367's tolling provision alleviates that concern. *See* 28 U.S.C 1367(d)[1]; *see also Artis v.*

---

[1] Section 1367(d) provides:

> (d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a

2

*D.C.*, 138 S. Ct. 594, 598 (2018) (holding "§ 1367(d)'s instruction to 'toll' a state limitations period means to hold it in abeyance, *i.e.*, to stop the clock" rather than merely providing a 30-day grace period).

Defendant argues the court should retain supplemental jurisdiction, arguing that the court is familiar with the case and the parties' discovery progress and motion practice would "be totally disregarded if the case is removed to state court" with "the matter [] basically reset anew." ECF No. 86 at 3. At hearing, when pressed, defendant did not provide further details to support its position that prior history would be "totally disregarded." Defendant did argue, however, that despite the parties having agreed to renewed discovery following the appeal, ECF No. 83 at 3, no discovery is actually necessary and the sole remaining claim should proceed to trial as soon as this court's schedule will allow. Defendant also argued that because a different judge in this court had heard and resolved a related case that resulted in the settlement agreement underlying the remaining claim here, this court is well suited to retain jurisdiction in this matter. *See Ndulue v. Fremont-Rideout Health Group, et al.*, 2:08-cv-01696-WBS-JFM (case filed July 2008 and dismissed upon parties' stipulation during trial in May 2011).

Weighing the relevant factors, the court is not persuaded by defendant's arguments. To the extent this court is familiar with this case and the prior discovery and motion practice the court and the assigned magistrate judge have overseen, this familiarity does not warrant "[n]eedless decisions of state law" by a federal tribunal, nor does it justify denying the parties "a surer-footed reading of applicable law" by a state court. *See Gibbs*, 383 U.S. at 726. Moreover, a different federal judge's familiarity with the parties' prior case does not support this judge's retaining jurisdiction over this purely state law claim, particularly where the other judge did not retain jurisdiction to enforce the parties' settlement agreement and thus would lack jurisdiction to hear

---

period of 30 days after it is dismissed unless State law provides for a longer tolling period.

28 U.S.C.A. § 1367(d).

the claim absent an independent jurisdictional basis.  *See Ndulue*, 2:08-cv-01696-WBS-JFM, ECF No. 278 (dismissal order); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994); *cf. Collins v. Thompson*, 8 F.3d 657, 659 (9th Cir. 1993).  Finally, to avoid duplication of discovery in particular, nothing stands in the way of the parties' simply agreeing to use the discovery obtained in this case in a state court proceeding, to the extent that discovery is relevant to the remaining claim.

After weighing the relevant factors, the court declines to retain jurisdiction and DISMISSES the sole remaining state law claim without prejudice.  The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

DATED:  August 20, 2019.

_____
UNITED STATES DISTRICT JUDGE